Nancy Steffen Rahmeyer, P.J.
Joel E.B. Singletary was arrested for the felony offense of unlawful use of a weapon by possession/discharge while intoxicated, a violation of section 571.030.1(5).[1] The arrest was reported and a record is maintained by defendant, the Criminal Records Repository. Singletary pled guilty to a misdemeanor offense of unlawful use of a weapon. Singletary subsequently brought suit to "correct" the record of his arrest to reflect that he was actually arrested for the misdemeanor offense of unlawful use of a weapon. The claim was dismissed as not authorized by law. Because there is no factual basis for Singletary's claim that he was arrested for the unlawful use of a weapon and because there is no legal basis to "correct" the arrest report, we affirm the trial court's judgment.
Singletary admits that he was arrested for the felony offense of unlawful use of a weapon by discharging while intoxicated. He claims:
But in this case it is beyond dispute that Singletary was not intoxicated, making the charge of Unlawful Use of a Weapon by Possession/Discharge While Intoxicated clearly erroneous. The proof of this is incontrovertible: he submitted *903 to a breath test and the result was .056%. Although the Unlawful Use of a Weapon section for which Singletary was arrested has been substantially amended, it never defined intoxication by reference to any objective standard. But § 577.037.2 RSMo. provides:
If a chemical analysis of the defendant's breath, blood, saliva, or urine demonstrates that there was less than eight-hundredths of one percent of alcohol in the defendant's blood, any charge alleging a criminal offense related to the operation of a vehicle, vessel, or aircraft while in an intoxicated condition shall be dismissed with prejudice unless one or more of the following considerations cause the court to find a dismissal unwarranted:
(1) There is evidence that the chemical analysis is unreliable as evidence of the defendant's intoxication at the time of the alleged violation due to the lapse of time between the alleged violation and the obtaining of the specimen;
(2) There is evidence that the defendant was under the influence of a controlled substance, or drug, or a combination of either or both with or without alcohol; or
(3) There is substantial evidence of intoxication from physical observations of witnesses or admissions of the defendant.
Applying this statute to other laws is not unprecedented. This Court cited the predecessor to § 577.037.2 RSMo. in determining that an individual and the person he murdered were intoxicated. State v. Rainwater, 602 S.W.2d 233, 235 (Mo. App. S.D. 1980). It is just as applicable in this case. The sheriff's department incorrectly reported to the Criminal Records Repository that Singletary was intoxicated. He is suffering consequences as a result. He wants it corrected under the court's common law power as defined by Buckler v. Johnson County.
(Emphasis in original.)
Singletary's argument misses the mark for many reasons. Singletary argues no facts to support his claim that at the time of the charged conduct he was not intoxicated as a matter of fact or law. Singletary pled guilty to a reduced charge prior to trial, but there was evidence from the officers who observed what they concluded to be indicators of intoxication in Singletary's behavior. Therefore, the facts do not support Singletary's claim under his own analysis. As a factual matter, then, Singletary was arrested for the offense that is listed on the Criminal Records Repository.
More importantly, as Singletary admits, he is not entitled to expungement. Singletary does not cite to any other cause of action to correct the Criminal Records Repository. Section 610.126.2 states: "Except as provided by sections 610.122 to 610.126, the courts of this state shall have no legal or equitable authority to close or expunge any arrest record." Singletary's point is denied.
The judgment is affirmed.
Daniel E. Scott, J.-Concurs
William W. Francis, Jr., J.-Concurs

All references to statutes are to RSMo 2016, unless otherwise specified.